UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  0:20-CV-60252

RHONDA B. JOHNSON,

        Plaintiff,

vs.

NEWREZ, LLC d/b/a SHELLPOINT
MORTGAGE SERVICING,

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RHONDA B. JOHNSON (hereinafter "Plaintiff"), hereby files her Complaint against Defendant, NEWREZ, LLC d/b/a SHELLPOINT MORTGAGE SERVCING, ("Defendant" or "NewRez"), and alleges:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), and their implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA, and the respective implementing regulations.

3. Specifically, Plaintiff seeks the remedies as provided in RESPA for the Defendant's failure to comply with Section 2605(k) of RESPA, Section 1024.35 and 1024.41 of Regulation X.

4. All conditions precedent to the filing of this action have been satisfied.

**JURISDICTION**

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

6. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

7. Venue in this District is proper because Plaintiff resides in Broward County, Florida and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

**PARTIES**

8. At all times material hereto, Defendant NewRez was and is a Pennsylvania limited liability company with its principal place of business at 1100 Virginia Drive, Suite 125, Fort Washington, PA 19034. Defendant NewRez is duly licensed to transact business in the State of Florida, and lists its registered agent as Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

9. Defendant NewRez identifies themselves and does business as Shellpoint Mortgage Servicing.

10. At all times material hereto, Defendant NewRez is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the Plaintiff's residential property, located at 10301 North West 18th Place, Plantation, Florida 33322 (the "Subject Property").

11. At all times material hereto, Plaintiff owned and continues to own the subject property, which is located in Broward County, Florida.

12. The Subject Property is a residential single-family home structure.

13. At some point in time prior to the violations alleged herein, the Defendant was hired to service the subject loan.

14. The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by the Defendant as account number ******5587.

## BACKGROUND AND GENERAL ALLEGATIONS

15. On or about May 05, 2005, Plaintiff entered into a promissory note agreement with IMPAC FUNDING CORPORATION dba IMPAC LENDING GROUP, A CALIFORNIA CORPORATION (the "Note") for what she intended to be his primary residence. The Note was secured by a mortgage on the subject property (the "Mortgage") (the "Note" and the "Mortgage" are collectively referred to as the "Loan").

16. On September 17, 2019, a loss mitigation application ("LMP") was submitted on behalf of Plaintiff to Defendant NewRez. *See* Fax Confirmation attached hereto as **Exhibit "A"**.

17. On or about September 18, 2019, Defendant NewRez sent a notification to Plaintiff advising that additional documents were needed by October 18, 2019 to continue reviewing the LMP.

18. On October 17, 2019, Plaintiff submitted the requested additional documents to Defendant NewRez. See Fax Confirmation attached hereto as **Exhibit "B"**.

19. Pursuant to 12 C.F.R. § 1024.41(c)(2)(iv), upon Plaintiff's submission of the requested additional documents, the LMP shall be considered facially complete.

20. Upon receipt of Plaintiff's facially complete LMP, Defendant NewRez was also required to provide a written notice stating which loss mitigation options, if any, the Defendant

would offer Plaintiff within thirty (30) days after the application was considered "complete." Defendant failed to respond despite being required to do so pursuant to 12 C.F.R. § 1024.41(c)(1).

21. Receiving no response, Plaintiff, on November 27, 2019 sent Defendant NewRez a Notice Loss Mitigation Application Response Not Received (the "NOE") in advance of litigation. A true and correct copy of which is attached hereto as **Exhibit "C"**.

22. To date, Defendant has failed to or refused to comply with 12 C.F.R. § 1024.41(c), in that no written notice within thirty (30) days of receipt of a "complete loss mitigation application" stating which loss mitigation options, if any, will be offered to Plaintiff.

23. Plaintiff retained Loan Lawyers, LLC ("Loan Lawyers") as counsel and Jenkins Lorenzo, LLC ("Jenkins Lorenzo") as co-counsel for legal representation in this action and has agreed to pay a reasonable attorney's fee.

## DAMAGES

24. Plaintiff has been injured and suffered actual damages by virtue of Defendant's repeated violations of those legal rights and protections which Congress provided to Plaintiff and other consumers like her. The threshold of Defendant's violations stem from repeated failures to respond to the LMP submitted for Plaintiff. Plaintiff's injuries result in-part from the Defendant's invasion of a legally protected interest that is concrete, particularized, and actual. Simply stated, Plaintiff's procedural rights under RESPA were violated by not providing a response to the LMP despite additional notice of same via the NOE.

25. Plaintiff is entitled to actual damages as a result of Defendant's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's NOE; and (2) photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to

send additional correspondences due to Defendant's failure to adequately respond to Plaintiff's LMP, which includes a Notice of Error.

26. Plaintiff has also suffered actual damages in the form of emotional distress, anxiety, the constant fear of losing her property, worry, embarrassment, and anguish as a result of the ongoing failures of the Defendant to address the Plaintiff's concerns relating to the loan.

27. Plaintiff is entitled to statutory damages, as well as the costs of this action, together with a reasonable attorney's fee as determined by the court and pursuant to 12 U.S.C. § 2605(f)(3).

### COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

28. Plaintiffs reallege and incorporate by reference paragraphs 1 through 27 above.

29. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
>    A servicer of a federally related mortgage shall not-
>    …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
>    …
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.
>
> 12 U.S.C. § 2605(k)(emphasis added)

30. Section 1024.35 of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696*, 10714, fn. 64 (Feb. 14, 2013) ("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce

such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 implements Section 6(k)(1)(C)).

31. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(C), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

32. Defendant has failed to or refused to comply with 12 C.F.R. § 1024.41(c)(1) in that no written notice was provided to Plaintiff within thirty (30) days of receipt of a complete loss mitigation application stating which loss mitigation options, if any, would be offered to Plaintiff.

33. As such, the Defendant has violated 12 U.S.C. § 2605(k)(1)(C) and § 2605(k)(1)(E).

34. As a result of the above violations, Plaintiff is entitled to recovery for actual and statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff RHONDA B. JOHNSON, respectfully requests that this Honorable Court enter an order granting judgment for the following:

(a) That the Defendant be required to provide a written notice and determination in compliance with 12 C.F.R. § 1024.41(c)(1);

(b) For actual damages, statutory damages, costs and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(c) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff RHONDA B. JOHNSON hereby demands a trial by jury of all issues so triable.

Dated this 5th day of February, 2020.

Respectfully Submitted,

                    **JENKINS LORENZO, LLC**
*Co-Counsel for Plaintiff*
18851 NE 29th Avenue, Ste. 700
Aventura, Florida 33180
Tel: (305) 456-1450

By: */s/ Chase E. Jenkins, Esq.*
    Chase E. Jenkins, Esq.
    Florida Bar No. 94261
    cjenkins@jenkinslorenzo.com
    Jorge "J.D." Lorenzo, Esq.
    Florida Bar No. 81702
    jlorenzo@jenkinslorenzo.com

    */s/ Laura Hoy Chebat*
    Laura Hoy Chebat, Esq.
    Florida Bar No. 59025
    LOAN LAWYERS, LLC
    *Co-Counsel for Plaintiff*
    3201 Griffin Road, Suite 100
    Fort Lauderdale, FL 33312
    Telephone: (954) 523-4357
    laura@fight13.com

# Exhibit "A"



# LOAN LAWYERS

Your Total Debt Solution Law Firm

*Main Office:*
3201 Griffin Road, Suite 100
Fort Lauderdale, FL 33312
Telephone: (954)-523-HELP (4357)
Facsimile: (954) 581-2786
www.Fight13.com

September 17, 2019

| | | | |
|---|---|---|---|
| TO: | Shellpoint | FAX: | 1-866-467-1187 |
| FROM: | Tiffani Johnson- Loan Lawyers | DATE: | 9/17/2019 |
| RE: | Johnson, Rhonda  Acct# ████4204 | | Loss Mitigation Department |

We are requesting that the loan is reviewed for a loan modification. Please see attached documents:

- Lender Authorization Form
- Client Information
- Mortgage Assistance Application
- Dodd-Frank Certification
- 4506T Forms
- Expense Sheets
- Hardship Letters
- LOE- Rhonda's Income
- Profit and Loss (Adam)
- Bank Statements (Rhonda)
- Bank Statements-Personal and Business (Adam)
- Mortgage Statement
- Utility Bills
- Homeowners Association Dues
- Title and Insurance
- 2017-2018 Taxes (Rhonda)
- 2017-2018 Taxes (Adam)

Please let us know if any further documents are needed.

Tiffani Johnson
Loan Lawyers, LLC
Telephone: (954) 523-4357
Facsimile: (954) 581-2786
tiffani@fight13.com

**This fax contains confidential communications that may be protected by the attorney-client privilege.  If you have received this fax in error, please contact us immediately.  Unauthorized use of information contained in this fax may result in civil penalties.**

# Exhibit "B"



# LOAN LAWYERS
### Your Total Debt Solution Law Firm

*Main Office:*
*3201 Griffin Road, Suite 100*
*Fort Lauderdale, FL 33312*
*Telephone: (954)-523-HELP (4357)*
*Facsimile: (954) 581-2786*

www.Fight13.com

October 17, 2019

| | | | |
|---|---|---|---|
| TO: | Shellpoint Mortgage | FAX: | 1-866-467-1187 |
| FROM: | Tiffani Johnson- Loan Lawyers | DATE: | 10/17/2019 |
| RE: | Johnson, Rhonda  Acct# ▓▓▓▓4204  Loss Mitigation Department | | |

I have attached the additional documents requested by you. We ask that you please continue the loan modification review.

- Mortgage Assistance Application
- 4506-T Form
- Profit and Loss (Rhonda)
- Contribution Letter
- Letter of Explanation (Deposits and Transfers)
- Homeowners Association Statement
- Bank Statement (Acct # 5406)
- 2018 Tax Return (David)

Please let us know if any further documents are needed.

Tiffani Johnson
Loan Lawyers, LLC
Telephone: (954) 523-4357
Facsimile: (954) 581-2786
tiffani@fight13.com

This fax contains confidential communications that may be protected by the attorney-client privilege. If you have received this fax in error, please contact us immediately. Unauthorized use of information contained in this fax may result in civil penalties.

# Exhibit "C"

B"H



3201 Griffin Road, Suite 100
Ft. Lauderdale, Florida 33312
Telephone: (954) 523-HELP (4357)
Facsimile: (954) 581-2786

www.Fight13.com

November 27, 2019

**<u>VIA CERTIFIED MAIL-RETURN RECEIPT</u>**

Shellpoint Mortgage Servicing
P.O. Box 10826
Greenville, South Carolina.  29603-0826

    Re:  **<u>NOTICE Loss Mitigation Application Response NOT RECEIVED.</u>**
          Client:      RHONDA B. JOHNSON
          Account Number:      ▆▆▆▆4204
          Property Address:     10301 NW 18th Place,  Plantation, FL.  33322

Dear Sir or Madam:

    *Please make sure that all correspondence regarding the above-referenced loan is addressed to my Fort Lauderdale office.*

    On 09/17/2019 a loss mitigation application was submitted to SHELLPOINT MORTGAGE SERVICES on behalf of the above-referenced client. Please be advised that pursuant to 12 C.F.R. § 1024.41(c)(1)(ii), you were required to send a written response to the loss mitigation application stating your determination of which loss mitigation options, if any, you will offer to my client. To date, no such response letter has been received.

    As a direct result of your failure to comply with RESPA Section 12 C.F.R. § 1024.41(c)(1)(ii) we have been forced to send you this letter via certified mail. As I am sure you can imagine it is critical that my client be informed what loss mitigations are available to them and which loss mitigations option they have been offered. As you know, my clients are eager to save their home and have worked hard to put together all of the documents needed for the loss mitigation application.

    Although not required, we will afford you a reasonable amount of time to comply with RESPA Section 12 C.F.R. §1024.41(c)(1)(ii). Therefore, you are being provided an additional 7 days to comply with Regulation X before we take legal action for your failure to comply with §1024.41(c)(1)(ii).  In the event that you still need additional time, kindly notify us in writing, before the expiration of the additional 7 days, providing the basis for your request for the extension and we may supply some additional time to provide the written response of the loss mitigation

application in accordance with 12 C.F.R. § 1024.41(c)(1)(ii). Again this letter, which is being sent solely due to your failure to comply with RESPA Section 12 C.F.R. § 1024.41(c)(1)(ii), is meant to remind you of your obligations under Regulation X in the hopes that you will comply within timeframe we have provided.

Please further note that if you continue to violate Regulation X Section 12 C.F.R. § 1024.41(c)(1)(ii) you may be subject to legal action **_without further notice_**. In the event you believe that there is an agreement that my client must give you notice and opportunity to cure, please allow this letter to serve as the same.

In accordance with the Rules Regulating the Florida Bar, Rule 4-4.2, I am copying your counsel on this correspondence.

Sincerely,

_/s/ Laura Hoy, Esq_

Laura Hoy, Esq.

*rev. 6/16*